# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| AMERICAN MEDIA, INC., BAUER MAGAZINE L.P., BAUER PUBLISHING COMPANY, L.P., HEINRICH BAUER NORTH AMERICA, INC., HEINRICH BAUER PUBLISHING, L.P., CURTIS CIRCULATION COMPANY, LLC, KABLE DISTRIBUTION SERVICES, INC., and TIME WARNER RETAIL SALES & MARKETING, INC., on behalf of ANDERSON NEWS, LLC,<br><br>        Plaintiffs,<br><br>vs.<br><br>ANDERSON MANAGEMENT SERVICES, INC., ANDERSON MEDIA CORPORATION, ANDERSON NEWS COMPANY SOUTHWEST, LLC, ANDERSON SERVICES, LLC, BROOKVALE HOLDINGS, LLC, DISPLAY SERVICES, INC., FIRST MEDIA CAPITAL CORPORATION, MSOLUTIONS, LLC, PROLOGIX DISTRIBUTION SERVICES EAST, LLC and TWIN RIVERS TECHNOLOGY GROUP, LLC,<br>        Defendants. | Civil Action No. 12-00238 (LPS)<br><br><br>Bankruptcy Case No. 09-10695 (CSS)<br><br>Adv. Proc. No. 11-53811 (CSS) |

## MEMORANDUM IN SUPPORT OF MOTION TO STAY BANKRUPTCY ADVERSARY PROCEEDING NO. 11-53811 PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011(c) PENDING RULING ON MOTION TO WITHDRAW THE REFERENCE

Dated: April 4, 2012

## STATEMENT REGARDING COMPLIANCE WITH LOCAL RULE 7.1.1

Pursuant to D. Del. LR 7.1.1, on April 1, 2012, the Anderson Defendants' counsel contacted Plaintiffs' counsel to confirm that the Plaintiffs opposed the relief sought in the filing of the Motion to Stay Bankruptcy Adversary Proceeding and the accompanying Brief as the Plaintiffs had opposed the relief when first presented in the Bankruptcy Court. The Anderson Defendants were advised that the Plaintiffs continue to oppose the request to stay the Adversary Proceeding in the Bankruptcy Court pending a determination by this Court on the request to withdraw the reference. Co-defendant Prologix Distribution Services East, LLC ("**Prologix**") has indicated that it supports the relief requested in the Motion to Stay Bankruptcy Adversary Proceeding pending a determination by this Court on the request to withdraw the reference.

# TABLE OF CONTENTS

I.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS .............. 1

II.    SUMMARY OF THE ARGUMENT .................................................................... 3

III.   STATEMENT OF THE FACTS .......................................................................... 4

IV.    LEGAL ARGUMENT ......................................................................................... 5

    A.   The Motion to Stay the Bankruptcy Adversary Proceeding is
        Considered by This Court *De Novo* and There is a Substantial
        Likelihood the Reference Will be Withdrawn. ........................................... 6

        1.   The Timing of the Filing of the Section 157(d) Motion
               Supports the Relief Requested and Makes Granting the
               Motion Likely. .............................................................................. 9

        2.   There is a Substantial Likelihood that this Court Will
               Follow Judge Irenas' Well-Reasoned Analysis in
               *Appleseed's Intermediate Holdings* and Withdraw the
               Reference. .................................................................................. 10

        3.   The Amended Order of Reference Cannot Stand Under
               *Morrissey* and, While not Essential to Withdrawing the
               Reference, is Another Reason that There is a Substantial
               Likelihood that the Reference Will be Withdrawn. ...................... 11

    B.   The Balance of the Harm and the Public Interest. ..................................... 18

V.    CONCLUSION .................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bembenek v. Aurora Health Care, Inc. (In re Ortiz)*,
    464 B.R. 807 (Bankr. E.D. Wis. 2012) ................................................................13, 14

*Blixseth v. Brown*,
    No. CV-11-85-M-DWM, 2012 WL 691598 (D. Mont. Mar. 5, 2012) ....................................15

*Burtch v. Huston (In re USDigital, Inc.)*,
    No. 07-10374, 2011 WL 6382551 (Bankr. D. Del. Dec. 20, 2011) ......................................3, 5

*Emerald Casino, Inc. v. Flynn*,
    No. 02-B-22977, 2012 WL 280724 (N.D. Ill. Jan. 31, 2012) ..................................................15

*F.D.I.C. v. Imperial Capital Bancorp, Inc.*,
    No. 11-CV-2065-LAB-WMC, 2011 WL 5600542 (S.D. Cal. Nov. 17, 2011) ....................6, 7

*Frank v. Arnold (In re Morrissey)*,
    717 F.2d 100 (3d Cir. 1983) ........................................................................................ passim

*Holland Am. Ins. Co. v. Succession of Roy*,
    777 F.2d 992 (5th Cir. 1985) ....................................................................................................9

*In re Pruitt*,
    910 F.2d 1160 (3d Cir. 1990) ....................................................................................................9

*Michaelson v. Golden Gate Private Equity (In re Appleseed's Intermediate
Holdings, LLC)*,
    Adv. No. 11-51847, 2011 WL 6293251 (D. Del. Dec. 15, 2011) .................................. passim

*Miller v. Morgan (In re The Antioch Co.)*,
    435 B.R. 493 (Bankr. S.D. Ohio 2010) ....................................................................................7

*Miller v. Vigilant Ins. Co. & Designed Coverage Corp. (In re Eagle Enters., Inc.)*,
    259 B.R. 83 (Bankr. E.D. Pa. 2001) ............................................................................3, 18, 19

*NW. Inst. of Psychiatry, Inc. v. Travelers Indem. Co. (In re NW. Inst. of
Psychiatry, Inc.)*,
    268 B.R. 79 (Bankr. E.D. Pa. 2001) ........................................................................................4

*Ortiz v. Aurora Health Care, Inc. (In re Ortiz)*,
    665 F.3d 906 (7th Cir. 2011) ........................................................................................ passim

*Robinson v. Napolitano,*
     554 F.3d 358 (3d Cir. 2009)........................................................................................15, 16

*Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com),*
     504 F.3d 775 (9th Cir. 2007) ............................................................................................17

*Stern v. Marshall,*
     131 S.Ct. 2594 (2011).............................................................................................. passim

*Stettin v. Regent Capital Partners (In re Rothstein, Rosenfeldt, Adler, P.A.),*
     No. 11-62612-CIV, 2012 WL 882497 (S.D. Fla. Mar. 9, 2012) ...........................................15

*Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp.,*
     No. 10-20640, 2012 WL 688520 (5th Cir. Mar. 5, 2012).......................................................16

*United States v. McQuilkin,*
     78 F.3d 105 (3d Cir. 1996).................................................................................................15

*Vieira v. Anderson (In re Beach First Nat'l Bancshares, Inc.),*
     No. 10-80143, 2011 WL 2441501 (Bankr. D.S.C. Jan. 21, 2011)................................4, 18, 19

**RULES**

FED. R. BANKR. P. 5011(c) ................................................................................................. passim

FED. R. BANKR. P. 9033 .............................................................................................12, 13, 17

FED. R. CIV. P. 12 ..................................................................................................................4

**STATUTES**

18 U.S.C. § 3553...............................................................................................................15

21 U.S.C. § 860 ................................................................................................................15

28 U.S.C. § 157(b) ......................................................................................................12, 13

28 U.S.C. § 157(c)(1).................................................................................................. passim

28 U.S.C. § 157(d) ........................................................................................................9, 14

28 U.S.C. § 158.................................................................................................................12

28 U.S.C. § 2057...............................................................................................................12

TENN. STAT. ANN. 47-13-101 ..............................................................................................5

Pursuant to Federal Rule of Bankruptcy Procedure 5011(c), the Anderson Defendants hereby file this motion to stay (the "**Motion to Stay Bankruptcy Adversary Proceeding**") requesting that the United States District Court for the District of Delaware (the "**District Court**") enter an order staying adversary proceeding number 11-53811 (the "**Adversary Proceeding**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") in its entirety pending a ruling by the District Court on the Anderson Defendants' *Motion to Withdraw the Reference of Adversary Proceeding No. 11-53811* (the "**Section 157(d) Motion**") (D.I. 1–4) and related briefing.[2]  In support of the Motion to Stay Bankruptcy Adversary Proceeding, the Anderson Defendants state as follows:

## I.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

The Adversary Proceeding was filed on November 14, 2011.   Prior to filing the Adversary Proceeding, the Plaintiffs obtained permission from the Bankruptcy Court to prosecute certain limited avoidance actions that are the subject of the Complaint in the Adversary Proceeding.[3]  Summons were obtained by the Plaintiffs on November 28, 2011 and served by mail that day. The Anderson Defendants filed the Section 157(d) Motion on December 28, 2011, and briefing on it was completed on January 18, 2012, and was docketed in this Court on

---

[2]      In connection with the Section 157(d) Motion, the Anderson Defendants filed a Motion for Expedited Consideration, that all parties to the Adversary Proceeding support, and a Motion to File a Supplemental Brief to Address the Amended Standing Order of Reference. (D.I. 6, 7, 9, 10).

[3]      The Plaintiffs had sought authority to assert broad and sweeping claims for fraud, breach of fiduciary duty, other alleged misconduct, equitable subordination, and substantive consolidation on behalf of the bankruptcy estate of Anderson New LLC ("**Anderson News**" or the "**Debtor**") and were denied this authority based on the determinations of the court appointed examiner in the Debtor's bankruptcy case that no such claims exist. The examiner was Don A. Beskrone (the "**Examiner**") and his May 12, 2011 report (the "**Examiner's Report**"). (Bankr. D.I. 805, 852). The Examiner's in-depth discussions may be found at pages 56–60, 69, 213–24, 232, 262, 263, 265, 270, 272, 288, 289, 302–03 of the Examiner's Report.

February 27, 2012.

The Anderson Defendants filed their *Motion to Dismiss Complaint* and *Brief in Support Thereof* (the "**Motion to Dismiss**") on December 28, 2011. (Bankr. Adv. Proc. D.I. 20, 42, 46). At the same time that they filed the Motion to Dismiss, in accordance with Bankruptcy Rule 5011(c), the Anderson Defendants first requested the Bankruptcy Court issue a stay pending this Court's ruling on the motion to withdraw the reference. The Plaintiffs filed an objection to the motion to stay, and co-Defendant Prologix joined the request for a stay pending the ruling on the Section 157(d) Motion. (Bankr. Adv. Proc. D.I. 18, 27, 30). After the Anderson Defendants filed the Section 157(d) Motion and the motion to stay, on February 29, 2012, the Chief Judge for the United States District Court for the District of Delaware signed the Amended Standing Order of Reference (the "**Amended Order of Reference**").

On March 30, 2012, the Bankruptcy Court entered an order denying the relief sought in the motion to stay (the "**Bankruptcy Court Order Denying a Stay**"). (Bankr. Adv. Proc. D.I. 55). The Bankruptcy Court Order Denying a Stay is based on the Bankruptcy Court's apparent interpretation of the Amended Order of Reference. *See* Bankruptcy Court Order Denying a Stay ¶¶ 3–6. In the Bankruptcy Court Order Denying a Stay, the Bankruptcy Court declined to discuss: (i) the absence of statutory authority in 28 U.S.C. § 157(c)(1); (ii) *Ortiz v. Aurora Health Care, Inc. (In re Ortiz)*, 665 F.3d 906, 911, 912, 915 (7th Cir. 2011); and (iii) *Michaelson v. Golden Gate Private Equity (In re Appleseed's Intermediate Holdings, LLC)*, Adv. No. 11-51847, 2011 WL 6293251 (D. Del. Dec. 15, 2011). Instead, in denying the motion to stay, the Bankruptcy Court stated it was "*extremely* unlikely that the District Court will issue an order at this time granting the [Section 157(d) Motion]." *Id.* at ¶ 5. The Bankruptcy Court also declined to rule on the pending mandatory motion to determine whether the issues in the instant

2

Adversary Proceeding were core or non-core even though the Bankruptcy Judge in this case previously recognized in *Burtch v. Huston (In re USDigital, Inc.)*, No. 07-10374, 2011 WL 6382551, *1 (Bankr. D. Del. Dec. 20, 2011), that a determination of whether judicial power existed under *Stern* was a required step in the analysis under the law. *Id.*[4]

The instant Motion to Stay Bankruptcy Adversary Proceeding is being filed in connection with the Section 157(d) Motion and relates to the Motion to Dismiss filed in the Bankruptcy Court and the Adversary Proceeding in general. By this Motion to Stay Bankruptcy Adversary Proceeding, the Anderson Defendants ask the District Court to enter a stay of all matters in the Adversary Proceeding pending this Court's decision with respect to the Section 157(d) Motion.

## II.   SUMMARY OF THE ARGUMENT

A stay pending the District Court's decision on the Section 157(d) Motion is appropriate and should be entered because: (i) the Section 157(d) Motion is well-founded and should be granted based upon the analysis of Senior District Judge Irenas in *Michaelson v. Golden Gate Private Equity (In re Appleseed's Intermediate Holdings, LLC)*, Adv. No. 11-51847, 2011 WL 6293251 (D. Del. Dec. 15, 2011); (ii) both the Bankruptcy Court and the District Court will conserve resources and the parties will avoid duplicative litigation if the stay is granted; (iii) the stay will not harm the Plaintiffs (or any other party) because the litigation is still in its initial, pre-discovery phase; and (iv) the public interest will be served by conserving resources pending the District Court's decision on the Section 157(d) Motion. *See Miller v. Vigilant Ins. Co. & Designed Coverage Corp. (In re Eagle Enters., Inc.)*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001);

---

[4]      During a status conference held on March 8, 2012, the Bankruptcy Court first indicated that it intended to deny the request for a stay based on the Amended Order of Reference. *See* Mar. 8, 2012 Hr'g Tr. 8:6–9:5, attached hereto as Exhibit B. The Bankruptcy Court also denied the Anderson Defendants' request for limited briefing on the issues raised by the Amended Order of Reference. *See id.* at 8:6–15:15.

3

*see also Vieira v. Anderson (In re Beach First Nat'l Bancshares, Inc.)*, No. 10-80143, 2011 WL 2441501, at *1–2 (Bankr. D.S.C. Jan. 21, 2011). While Rule 5011-1(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") is silent as to the applicable standard or test when deciding whether a stay pending a decision on a motion to withdraw the reference is appropriate, courts apply the same standards that are used to determine whether to impose a stay pending judicial review. *See NW. Inst. of Psychiatry, Inc. v. Travelers Indem. Co. (In re NW. Inst. of Psychiatry, Inc.)*, 268 B.R. 79, 83 (Bankr. E.D. Pa. 2001).

## III.    STATEMENT OF THE FACTS

A complete statement of the facts is contained in the Section 157(d) Motion (D.I. 1) and is incorporated herein by reference in the interest of brevity. The statement of the facts in the Section 157(d) Motion summarizes the sixteen counts in the Complaint in this case and focuses on the fact that each count is premised on state law, and therefore, turns on material application of the Delaware Uniform Fraudulent Transfer Act ("**UFTA**"). *See generally* Compl. Counts I–XVI. The Plaintiffs also assert theories of recovery for each count (except for Count X) under the Bankruptcy Code that parallel their state law claims. *See id.*

FMC, Anderson Media, Anderson Services, and Anderson News Southwest did not file proofs of claim in Anderson News' bankruptcy case (the "**Bankruptcy Case**"), whereas Anderson Management, MSolutions, Twin Rivers, Brookvale and Display Services filed proofs of claim in the Bankruptcy Case. The claims against Brookvale are outside the scope of the proof of claim it filed. Contemporaneously with the filing of the Section 157(d) Motion, the Anderson Defendants filed the Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure (the "**Federal Rules**").[5] The Motion to Dismiss contains a jury demand if the

---

[5]      Anderson Services did not file a proof of claim. The Assignee for the Benefit of

4

Motion to Dismiss is not granted in its entirety.

As noted in Section I above, on March 30, 2012, the Bankruptcy Court entered the Bankruptcy Court Order Denying a Stay. (Bankr. Adv. Proc. D.I. 55). In that order the Bankruptcy Court declined to discuss (i) the absence of statutory authority in 28 U.S.C. § 157(c)(1) though he cited to it; (ii) *Ortiz*, 665 F.3d at 911, 912, 915; and (iii) *Appleseed's Intermediate Holdings, LLC,* 2011 WL 6293251, (iv) said that it was "*extremely* unlikely that the District Court will issue an order at this time granting the [Section 157(d) Motion]." (*Id.* at ¶ 5, emphasis in original), and (v) denied the motion to stay. The Bankruptcy Court also declined to rule on the pending mandatory motion to determine whether the claims in the instant Adversary Proceeding were core or non-core even though the Bankruptcy Judge in this case previously recognized in *Burtch v. Huston (In re USDigital, Inc.),* No. 07-10374, 2011 WL 6382551, *1 (Bankr. D. Del. Dec. 20, 2011), that a determination of whether judicial power existed under *Stern v. Marshall*, 131 S.Ct. 2594 (2011), was a required step in the analysis under the law. *Id.*

## IV.   LEGAL ARGUMENT

The Bankruptcy Court said that it followed the Amended Order of Reference and presumably, it is for this reason that the Bankruptcy Court (i) denied the request to present any supplemental briefing to address the validity of the Amended Order of Reference in the absence of statutory authority under 28 U.S.C. § 157(c)(1) for bankruptcy courts to decide statutory core claims as recognized by the Seventh Circuit in *Ortiz*, 665 F.3d at 911, 912, 915, and (ii) ignored the application of the District Court's decision in *Appleseed's Intermediate Holdings.* Because

---

Anderson Services Creditors since May, 2009, Lloyd T. Whitaker, filed a proof of claim on his own behalf. *See generally* Tenn. Stat. Ann. 47-13-101 *et. seq.* The Assignee is not a party to the Adversary Proceeding. There is a dispute about the interpretation of Tennessee Law and the impact of the Assignee's proof of claim on defendant Anderson Services, which is briefed in the context of the Motion to Dismiss, and is another non-core, non-bankruptcy question.

5

of the Bankruptcy Court's role in the judicial structure and its statutorily and constitutionally limited judicial authority and jurisdiction, it is necessary for the District Court, and perhaps even the Third Circuit, to address why the Amended Order of Reference cannot legally accomplish its purpose based on the analysis and holding in *Frank v. Arnold (In re Morrissey)*, 717 F.2d 100, 102 (3d Cir. 1983). This is a significant legal question of major importance. Therefore, in order to avoid actions in the Bankruptcy Court that are unnecessary, inefficient, costly, duplicative, and possibly void, all of which can be eliminated if this case proceeds in its entirety before an Article III Court with full jurisdiction over the entirety of this matter, this Court should follow Judge Irenas' decision in *Appleseed Intermediate Holdings* and withdraw the reference of the Adversary Proceeding. Pending a determination on the Section 157(d) Motion, this Court should first enter an order staying further action in the Adversary Proceeding.

### A. The Motion to Stay the Bankruptcy Adversary Proceeding is Considered by This Court *De Novo* and There is a Substantial Likelihood the Reference Will be Withdrawn.

Bankruptcy Rule 5011(c) provides that:

The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. **A motion for a stay ordinarily shall be presented *first* to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge.** Relief granted by the district judge shall be on such terms and conditions as the judge deems proper.

FED. R. BANKR. P. 5011(c) (emphasis added). Where a request for a stay pending a request for withdrawal of the reference is denied at the bankruptcy court level, a party may reapply directly to the appropriate district court. *See generally F.D.I.C. v. Imperial Capital Bancorp, Inc.*, No. 11-CV-2065, 2011 WL 5600542 (S.D. Cal. Nov. 17, 2011) (the District Court acknowledged that it can consider directly whether to issue a stay). The District Court in *F.D.I.C. v. Imperial*

6

*Capital Bancorp* noted that it was appropriate to pay some deference to the decision of the bankruptcy court and said "that the bankruptcy court [was] intimately familiar with the facts and very competent in the relevant law, gave thorough consideration to the FDIC's stay motion and denied it." *Id.* at *2. In contrast to the bankruptcy court in *Imperial Capital Bancorp*, the Bankruptcy Court in this case summarily denied the request for a stay based on the Amended Order of Reference. The Bankruptcy Court Order Denying a Stay fails to show that the Bankruptcy Court considered *Ortiz*, *Morrissey*, or significantly, any portion of Judge Irenas' decision in *Appleseed Intermediate Holdings*. Additionally, the law dealing with the judicial and jurisdictional limitations on a non-Article III judge and interpreting the statutory proscriptions on the limited judicial power of the Bankruptcy Court is not the usual matter considered in the bankruptcy forum. *Stern* establishes this. *See also Miller v. Morgan (In re The Antioch Co.)*, 435 B.R. 493, 502 (Bankr. S.D. Ohio 2010) ("Movants are free to seek a stay from the District Court after the entry of this court's order on this decision [denying a stay pending a ruling on a request to withdraw the reference].").

There is a substantial likelihood of success on the request for withdrawal of the reference that supports the issuance of a stay pending a final ruling on the Section 157(d) Motion for the following reasons:

     (i)    with respect to at least eleven of the sixteen counts of the Complaint, the Bankruptcy Court is without judicial authority to enter final orders because either (a) the defendant or a defendant did not file a proof of claim (9 of the counts) or (b) the avoidance action is not integral to the resolution of a claim filed against the Debtor (2 of the counts related to Brookvale);

     (ii)    the Complaint includes non-core claims to which the Bankruptcy Court will only

7

be able to enter proposed findings of fact and conclusions of law that will have to be reviewed *de novo* and relitigated in this Court including, for example, the pending Motion to Dismiss, and any rulings on such matters that are determined to be core under the Amended Order of Reference may have to be vacated and expunged under *Morrissey*;

      (iii)    four of the Anderson Defendants and defendant Prologix have demanded and are entitled to a jury trial and do not consent to the trial being conducted by the Bankruptcy Court;

      (iv)    as recognized by Judge Irenas in *Appleseed's Intermediate Holdings,* "*withdrawing the reference would promote uniformity in bankruptcy administration in this particular case insofar as all decisions would originate from one court. If this Court did not withdraw the reference, different standards of review would apply to different claims, depending on whether the claim was core or non-core.*" *Appleseed's Intermediate Holdings,* 2011 WL 6293251, at \*3 (emphasis added);

      (v)    as recognized by Judge Irenas in *Appleseed's Intermediate Holdings,* "*withdrawing the reference now will expedite the bankruptcy process. The parties can skip the Bankruptcy Court and proceed directly in [the District] Court, which will eliminate a round of appeals.*" *Id.* at \*3–4 (emphasis added);

      (vi)    leaving the Adversary Proceeding in the bankruptcy court "***would require two Courts to become intimately familiar with the case and does not address the financial costs inherent in two standards of review applying to core and non-core claims prior to trial.***" *Id.* at \*3 n.7 (emphasis added);

      (vii)    the Anderson Defendants have demonstrated that the facts of this case warrant immediate withdrawal of the reference so as to preserve the jury trial right, promote efficiency, and preserve the parties' resources;

8

(viii)    the stay will not harm the Plaintiffs (or any other party) because the litigation is still in its initial, pre-discovery phase; and

(ix)    the public interest will be served by conserving resources pending the District Court's decision on the Section 157(d) Motion as explained by Judge Irenas.

As recognized in *Appleseed's Intermediate Holdings*, the different levels of review and relitigation necessitated by a mix of core and noncore claims makes a very strong case to withdraw the reference for purposes of efficiency, consistency and proper allocation of judicial resources. The basis is even stronger where, as here the Complaint includes claims, based on a common nucleus of fact, over which no judicial authority can be exercised under *Stern*. While the Bankruptcy Court cited to the Amended Order of Reference, the Bankruptcy Court failed to take into account the District Court's determination in *Appleseed's Intermediate Holdings*, which is not impacted by the Amended Order of Reference.

The five standards for permissive withdrawal of the reference under 28 U.S.C. § 157(d) set forth in *In re Pruitt*, 910 F.2d 1160 (3d Cir. 1990), are all satisfied in this case as recognized by the analysis in *Appleseed's Intermediate Holdings, LLC*, 2011 WL 6293251. The five standards in *Pruitt* set forth by the Third Circuit, are as follows:

> The district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.

*In re Pruitt*, 910 F.2d at 1168 (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985)).

### 1.    The Timing of the Filing of the Section 157(d) Motion Supports the Relief Requested and Makes Granting the Motion Likely.

The fifth factor in *Pruitt*, the timing of the request to withdraw the reference, strongly favors withdrawal in this instance because the Section 157(d) Motion was filed in connection

9

with the Anderson Defendants' first submissions in this Adversary Proceeding.

> **2. There is a Substantial Likelihood that this Court Will Follow Judge Irenas'
> Well-Reasoned Analysis in *Appleseed's Intermediate Holdings* and
> Withdraw the Reference.**

The Plaintiffs have acknowledged, with respect to their objection to the original motion

to stay, that the Complaint contains a mix of core and non-core claims and that most of the

Anderson Defendants possess a right to a jury trial. *See Plaintiffs' Mem. in Opposition to Defs'.*

*Mt. to Withdraw the Reference to District Court* (Bankr. Adv. Pro. D.I. 26, 1–2). In *Appleseed's*

*Intermediate Holdings*, similar to the situation in this Adversary Proceeding, there was a mix of

core and non-core counts and variety of defendants, some of who asserted jury trial rights. In

granting the request to withdraw the reference, Judge Irenas applied clear reasoning that is

directly applicable to this Adversary Proceeding, and that is not impacted by the Amended Order

of Reference. Specifically, Judge Irenas reasoned as follows:

> On the other hand, ***withdrawing the reference would promote uniformity in
> bankruptcy administration in this particular case insofar as all decisions would
> originate from one court. If this Court did not withdraw the reference, different
> standards of review would apply to different claims, depending on whether the
> claim was core or non-core.*** This could result in the application of different facts to
> different claims in the same case. For example, if the Bankruptcy Court found a
> certain fact relevant in both a core and a non-core claim, but this Court found that fact
> to be erroneous, though not clearly erroneous, ***then this Court would be required to
> accept that fact for the core claim and reject that fact for the non-core claim.
> Uniformity in bankruptcy administration would not be promoted by such an
> irrational result.***
>
> ***The second minimum standard is reducing forum shopping and confusion. In this
> case, Plaintiff and the FBK Defendants both argue that the Bankruptcy Court may
> not have the authority to enter final judgments in this case. See Stern, ——U.S. ——
> —, 131 S.Ct. 2594, 180 L.Ed.2d 475. Thus, after fully litigating the case, if the
> Bankruptcy Court did not have authority to enter final judgments, the parties could
> potentially have to re-litigate the entire case.*** While the Court has serious doubts that
> *Stern* requires such a result, there is no doubt that the case has spawned significant
> confusion. ***To avoid confusion and future collateral attacks on a judgment issued by
> the Bankruptcy Court, the prudent action is to withdraw the reference at this
> juncture.***

***Third, and interrelated with the factors above, proceeding directly in District Court will preserve the parties' resources.*** For one, the parties will not have to expend resources on non-core claims in Bankruptcy Court only for the Bankruptcy Judge to "propose[ ] findings of fact and conclusions of law to the district court" subject to *de novo* review.[FN7] 28 U.S.C. § 157(c)(1). ***In addition, the parties will avoid expending resources on collateral litigation to determine whether the Bankruptcy Court was able to enter final judgments in accordance with Stern.***

> FN7. Golden Gate Defendants urge this Court to allow preliminary proceedings to move forward in the Bankruptcy Court and withdraw the reference if and when a jury trial is required. ***However, this would require two Courts to become intimately familiar with the case and does not address the financial costs inherent in two standards of review applying to core and non-core claims prior to trial.***

Fourth, ***withdrawing the reference now will expedite the bankruptcy process. The parties can skip the Bankruptcy Court and proceed directly in this Court, which will eliminate a round of appeals.*** Furthermore, the reorganization process has already been completed, which only leaves litigation over state law claims. The District Court, perhaps even more so than the Bankruptcy Court, has the expertise to efficiently dispose of adversarial litigation.

***Finally, the FBK Defendants aver that they have demanded a jury trial and do not consent to holding that trial in the Bankruptcy Court.*** In response the Golden Gate Defendants argue that the FBK Defendants should be deemed to have acquiesced to the Bankruptcy Court's jurisdiction because the FBK Defendants did not object to the provision of the reorganization plan that granted the Bankruptcy Court exclusive jurisdiction over the Litigation Trust.

To hold the jury trial in the Bankruptcy Court, "the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge." Therefore, this Court has the discretion to so refer the case. The Court declines to exercise that discretion here.

*Appleseed's Intermediate Holdings*, 2011 WL 6293251, at *3–4 (emphasis added). This common-sense based practical analysis indicates that there is a substantial likelihood that the reference will be withdrawn in this case for the instant Adversary Proceeding.

### 3. The Amended Order of Reference Cannot Stand Under *Morrissey* and, While not Essential to Withdrawing the Reference, is Another Reason that There is a Substantial Likelihood that the Reference Will be Withdrawn.

The Bankruptcy Court lacks statutory authority to enter proposed findings of fact and law on "core" matters for which the Bankruptcy Court does not have judicial power under *Stern* and

11

the District Court cannot create such authority where the statute does not provide for it. Under

*Stern*, a bankruptcy judge lacks judicial authority over plenary claims against any defendant that

has not filed a proof of claim. The Third Circuit explained the basis for the statutory analysis

applicable here in *In re Morrissey*, 717 F.2d at 102:

> United States district courts are courts of limited jurisdiction and Congress, as
> allowed by the Constitution, must expressly grant them the power and authority to
> hear and decide cases. Also, as Professor Charles Allan Wright teaches, 'the
> parties cannot confer on the federal court jurisdiction that has not been vested in
> the court by the Constitution and Congress.

The statutory authority for the Bankruptcy Court to enter proposed findings of fact and

conclusions of law is found in 28 U.S.C § 157(c)(1), which states:

> A bankruptcy judge may hear a proceeding that is ***not a core proceeding*** but that
> is otherwise related to a case under title 11. In such proceeding, the bankruptcy
> judge shall submit proposed findings of fact and conclusions of law to the district
> court, and any final order or judgment shall be entered by the district judge after
> considering the bankruptcy judge's proposed findings and conclusions and after
> reviewing de novo those matters to which any party has timely and specifically
> objected.

Section 157(b) of the Bankruptcy Code ***does not authorize a bankruptcy court to enter proposed***

***findings of fact and conclusions of law on core matters over which it lacks judicial authority***.

*See* 28 U.S.C. § 157(b)(1).[6] Pursuant to the Supreme Court's authority, provided under 28 U.S.C

§ 2057, to create procedural bankruptcy rules, Bankruptcy Rule 9033(a) states the following:

> In non-core proceedings heard pursuant to 28 U.S.C. § 157(c)(1), the bankruptcy
> judge shall file proposed findings of fact and conclusions of law.

Thus, under the plain language of 28 U.S.C § 157(c)(1), supported by Bankruptcy Rule

---

[6]     Though 28 U.S.C. §157(b)(1) authorizes a bankruptcy court to "enter appropriate orders
and judgments," the statute expressly provides that those orders and judgments are "subject to
review under section 158 of this title," not the standard applicable to proposed findings of fact
and conclusions of law. *See* 28 U.S.C. §§157(b)(1), 158.

9033, the Bankruptcy Court's ability to enter proposed orders is confined to non-core matters.[7] There is, therefore, a gap in the statute as a consequence of *Stern*. *See Ortiz*, 665 F.3d at 911, 912, 915.

In *Ortiz*, the Seventh Circuit recognized that neither the plain language of 28 U.S.C § 157(b)(1) nor (c)(1) gives bankruptcy courts the authority or jurisdiction to enter proposed findings of fact and conclusions of law in core matters. The Seventh Circuit explained the consequence of *Stern* as follows:

> . . . ***For the bankruptcy judge's orders to function as proposed findings of fact or conclusions of law under 28 U.S.C. § 157(c)(1), we would have to hold that the debtors' complaints were "not a core proceeding" but are "otherwise related to a case under title 11." Id. As we just concluded, the debtors' claims qualify as core proceedings and therefore do not fit under § 157(c)(1).***

*Ortiz*, 665 F.3d at 915 (emphasis added). The case law on this issue continues to develop. For example, the Plaintiffs have argued (D.I. 9) that in *Bembenek v. Aurora Health Care, Inc. (In re Ortiz)*, 464 B.R. 807 (Bankr. E.D. Wis. 2012), the "Wisconsin bankruptcy court to which the *Ortiz* case was remanded concluded that the Seventh Circuit did *not* prohibit it from issuing proposed findings and conclusions, and that it could do so." As the following excerpt shows, the Wisconsin bankruptcy court openly questioned the Seventh Circuit's directive that it could not issue proposed findings of fact and conclusions of law, but recognized that what it (the bankruptcy court) was trying to do was of questionable legal validity and ***therefore sua sponte simultaneously moved the district court to withdraw the reference.*** The Court wrote as follows:

> This Court concludes that, ***notwithstanding the Seventh Circuit's***

---

[7]     Fraudulent conveyance claims and preference avoidance claims, which are the claims asserted in the Adversary Proceeding, are all statutorily defined to be "core" under 28 U.S.C. §§ 157(b)(2)(F) and (b)(2)(H) and thus, are statutorily precluded from having proposed findings of fact and conclusions of law entered on them under 28 U.S.C. § 157(c)(1) when there is an absence of judicial authority in the Bankruptcy Court under *Stern*. This is the point of *Ortiz*.

13

*comment in its remand decision,*[8] it is procedurally appropriate to submit the following proposed findings of fact and conclusions of law to the District Court for de novo review.

### B. Motion to Withdraw the Reference

Alternatively, if the District Court is disinclined to follow this procedure, ***the Court respectfully requests that the District Court withdraw the reference of these cases pursuant to 28 U.S.C. § 157(d)***. Section 157(d) provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." If the District Court reads the Court of Appeals' decision to prohibit the issuance of proposed findings of fact and conclusions of law in a core proceeding, the District Court could appropriately withdraw the reference of this case for "cause shown." A bankruptcy court is a proper "party" to make a request under section 157(d). *See, e.g., Walton v. Ag Credit, ACA (In re Walton),* 158 B.R. 939 (Bankr. N.D. Ohio 1993); *In re Moody,* 64 B.R. 594 (Bankr. S.D. Tex.1986) (recommending that district court withdraw reference); *In re Hartley,* 55 B.R. 781, 785 (Bankr. N.D. Ohio 1985) ("The code states the District Court will consider withdrawal 'on timely motion of a party.' This Court does not believe that language excludes the Bankruptcy Court from making the motion....").

"Cause" exists to withdraw the reference of this case: The Seventh Circuit remanded the case because an Article III judge has not entered a final judgment. This case involves allegations that a proof of claim, a unique creature of federal bankruptcy law, violated a State statute. ***If the District Court is unwilling to accept the proposed findings of fact and conclusions of law, this Court respectfully moves the District Court to withdraw the reference of the case*** so that a final judgment may be entered.

*In re Ortiz,* 464 B.R. at 812–13 (emphasis added).[9] This missing piece in the statute can only be

---

[8]     The comment from the Seventh Circuit's decision in *Ortiz* referred to is:

> **. . . . For the bankruptcy judge's orders to function as proposed findings of fact or conclusions of law under 28 U.S.C. § 157(c)(1), we would have to hold that the debtors' complaints were "not a core proceeding" but are "otherwise related to a case under title 11." *Id.* As we just concluded, the debtors' claims qualify as core proceedings and therefore do not fit under § 157(c)(1).** The direct appeal provision in 28 U.S.C. § 158(d)(2)(A) also does not authorize us to review on direct appeal a bankruptcy judge's proposed findings of fact and conclusions of law.

*Ortiz,* 665 F.3d at 915 (emphasis added).

[9]     There are some rulings that have deviated from the Seventh Circuit's decisions in *Ortiz,*

addressed by Congress and not by an expansion of the order of reference to go beyond what the enabling statute allows.

Under well-established principles of statutory construction and interpretation applied in the Third Circuit, the Seventh Circuit's opinion in *Ortiz* should also be followed here. Specifically, this Court, as would the Third Circuit, should conclude that the inclusion of non-core matters in 28 U.S.C. § 157(c)(1) is to the exclusion of core matters. *See Robinson v. Napolitano*, 554 F.3d 358, 365 (3d Cir. 2009) ("'It is a canon of statutory construction that the inclusion of certain provisions implies the exclusion of others. The doctrine of *inclusio unius est exclusio alterius* "informs a court to exclude in a list of elements that are given effect expressly by the statutory language."'"); *United States v. McQuilkin*, 78 F.3d 105, 108 (3d Cir. 1996) (same). In *McQuilkin*, the Third Circuit held that the specific inclusion of convictions under other statutory sections in the "safety valve" provision found in 18 U.S.C. § 3553(f) and the exclusion of 21 U.S.C. § 860 in the same provision made it "clear and unambiguous" that Congress decided not to include convictions under 21 U.S.C. § 860 within 18 U.S.C. § 3553(f).

---

some without even citing to *Ortiz* if decided after *Ortiz*. The courts that do not follow *Ortiz* have done so based on their judgment that *Stern* does not bar the entry of proposed findings of fact and conclusions of law for core matters. *See, e.g., Blixseth v. Brown*, No. CV-11-85-M-DWM, 2012 WL 691598, at *8 (D. Mont. Mar. 5, 2012) ("*Stern* does not bar the Bankruptcy Court from issuing proposed findings of fact and conclusions of law in this matter."); *Emerald Casino, Inc. v. Flynn*, No. 02-B-22977, 2012 WL 280724 (N.D. Ill. Jan. 31, 2012) (same); *Stettin v. Regent Capital Partners (In re Rothstein, Rosenfeldt, Adler, P.A.)*, No. 11-62612-CIV, 2012 WL 882497, at *3–4 (S.D. Fla. Mar. 9, 2012) (same). As the Third Circuit held in *Morrissey*, a decision which *Stern* left unchanged, the jurisdiction of the bankruptcy court is derived from "Congress, as allowed by the Constitution." What the Supreme Court held in *Stern* is that, under the Constitution, Congress was not permitted to grant the bankruptcy court judicial authority to enter final orders on certain matters statutorily designated as core. *Stern* does not affect the authority of the Article III District Court to enter such orders. While *Stern* did not expressly bar entry of proposed findings of fact and conclusions of law on statutorily core matters for which the Article I Bankruptcy Court does not have judicial authority, there is still no statute that authorizes it to exercise such authority and, thus, such an exercise cannot be done. Without such statutory authority the Bankruptcy Court is without jurisdiction or judicial power, or both.

15

78 F.3d at 108.  In *Robinson*, the Third Circuit analyzed a statutory provision which provided that "immediate relative" immigration status terminates after the death of a spouse unless the couple was married for two years at the time of death.  The court applied the principle of *inclusio unius est exclusio alterius* and held that this statutory language clearly showed that a spouse ceased to be an immediate relative at the time of their spouse's death unless the exception applies.  554 F.2d at 365.

Further, in *Morrissey*, 717 F.2d 100, in addressing the authority of magistrate judges, the Third Circuit invalidated an order of the magistrate judge in a bankruptcy appeal holding that issuance of such an order was beyond the magistrate's statutory authority.  As with bankruptcy judges, the authority given to magistrates is solely provided by statute, specifically 28 U.S.C § 636.  *Id.* at 102; *see also Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, No. 10-20640, 2012 WL 688520, at *5 (5th Cir. Mar. 5, 2012) (noting the "many similarities of the statutory powers of federal magistrate judges.").  Under 28 U.S.C § 636(c)(1), magistrate judges may handle matters "when specially designated to exercise such jurisdiction by the district court or courts he serves."  *Morrissey,* 717 F.2d at 102 n.2.  Pursuant to 28 U.S.C. § 1334(c) as it existed in 1982 "[a] district court may not refer an appeal under that section to a magistrate or to a special master."  In *Morrissey*, the district court referred an appeal to a United States Magistrate Judge with the express consent of the parties to the appeal.  In invalidating the Magistrate's subsequent order, the Third Circuit held:

> When it enacted the Bankruptcy Reform Act of 1978, Congress placed the full complement of jurisdiction to hear bankruptcy and related cases in the bankruptcy courts, 28 U.S.C. § 1471, while at the same time it failed to making bankruptcy judges article III judicial officers, 28 U.S.C. §§ 152, 153. In enacting this jurisdictional scheme, Congress was aware of the potential constitutional problems it was creating. *See* H.Rep. No. 95-595, 95th Cong., 2d Sess. (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963. Considering this, it would be wholly consistent and logical for Congress to attempt to minimize the

16

> larger jurisdictional concerns regarding bankruptcy courts by enacting § 1334(c) and insure that only article III judges would review bankruptcy court decisions. Therefore, we read the unambiguous congressional command contained in § 1334(c) to mean exactly what it says, and we hold that Congress has thereby prohibited a district court from referring a bankruptcy appeal to a magistrate. Thus, the magistrate was without jurisdiction to conduct proceedings in this matter. We notice this jurisdictional defect on our own motion.

*Id.* at 103 (internal footnotes and citations omitted).

Though the Magistrate only handled the matter after referral from the district court and with the parties' consent, the Third Circuit noted that "*[b]ecause district court jurisdiction is statutory, its ability to make a proper designation of, and thereby to confer jurisdiction on, a magistrate is also a creature of statute.*" *Id.* at 102 (emphasis added). In *Morrissey*, the proscription on a magistrate deciding a bankruptcy appeal was express in the statute, while in the instant situation, the preclusion is due to the absence of the language in the statute. In either situation, the result is the same.

Similarly, here, the District Court may refer bankruptcy cases to the Bankruptcy Court pursuant to 28 U.S.C § 157, but, as it is itself a court of limited and purely statutory jurisdiction granted by Congress, the District Court does not have the authority to expand the Bankruptcy Court's jurisdiction or judicial authority. *See generally Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775 (9th Cir. 2007).

28 U.S.C § 157(c)(1) and Bankruptcy Rule 9033 expressly state that the authority given by Congress for bankruptcy courts to enter proposed findings of fact and law is only with respect to non-core matters. Indeed, the revisions contained in the Amended Order of Reference highlight the discord with the Bankruptcy Court's statutory authority under 28 U.S.C § 157(c)(1) and support the reasoning in *Ortiz*. Put another way, the Amended Order of Reference would not have been entered if the statute allowed what the Amended Order of Reference tries to

17

accomplish. The District Court is granted discretion to refer bankruptcy cases to the Bankruptcy Court, and pure statutory Title 11 issues should continue to be addressed in the Bankruptcy Court. However, issues outside the province of the statute and Article I judges should be resolved in the Article III forum.

Therefore, as in *In re Eagle Enterprises* and *In re Beach First*, because of the likelihood of success on the Section 157(d) Motion based on, among other things, (i) Judge Irenas' decision in *Appleseed's Intermediate Holdings*, (ii) the Amended Order of Reference which cannot stand under *Morrissey,* and (iii) the fact that the Bankruptcy Court under *Ortiz* cannot enter proposed findings of fact and conclusions of law over statutorily denominated "core" claims where it lacks judicial authority, this Court has substantial grounds on which to enter an order staying the Adversary Proceeding in the Bankruptcy Court. *See In re Eagle Enters.*, 259 B.R. at 87–88; *In re Beach First*, 2011 WL 2441501, at *2 (applying a "colorability" standard in assessing the likelihood of success of a motion to withdraw the reference in deciding to issue a stay pending ruling on motion to withdraw the reference).

### B. The Balance of the Harm and the Public Interest.

A review of the cases makes it clear that the relative balance of the harm and the public interest are to be measured from a practical standpoint. *See In re Eagle Enters.*, 259 B.R. at 89 ("[W]e do not see that this would prejudice UCS inasmuch as the case is relatively new. No pretrial scheduling has yet occurred and the parties have not mentioned whether any discovery has commenced."); *In re Beach First*, 2011 WL 2441501, at *2 (finding it a "significant" factor in deciding to stay the adversary proceeding that the trustee could not engage in discovery in either the adversary proceeding because no scheduling order had been entered and no Federal Rule 16 conference had taken place, or in the district court because a motion to dismiss the complaint was pending).

18

From the perspective of the Anderson Defendants and the Plaintiffs, the next step in this proceeding is obtaining a ruling on the Motion to Dismiss. It is best for both the Anderson Defendants and the Plaintiffs to have that done by a single Article III judge whose jurisdiction and authority is not questioned after *Stern* so that a final ruling can take place expeditiously and efficiently. The foregoing makes it clear that, from a practical perspective, a stay will not prejudice any party in the Adversary Proceeding. The Adversary Proceeding is in its earliest stages and none of the parties have expended significant time or expenses in this matter to date. Like the plaintiffs in *In re Eagle Enterprises* and *In re Beach First*, the Plaintiffs in this case will not be prejudiced by a stay because the Complaint is subject to the Motion to Dismiss and no Federal Rule 16 conference has taken place. Further, given the reversal and reinstatement by the Second Circuit of the antitrust case against the Plaintiffs in this case in an order issued on April 3, 2012 in *Anderson News, L.L.C. v. American Media, Inc.,* Case No. 10-4591-cv (attached as Exhibit C hereto), the additional time is appropriate because of the implications of the Second Circuit's decision on solvency, a controlling issue in any avoidance action, and thus on parallel discovery in this case and the reinstated antitrust case. Consistent therewith, the final determination of what claims will survive the Motion to Dismiss, if any, and thus may proceed has not occurred. Finally, the public interest will be served by imposing a stay pending the District Court's decision on the Section 157(d) Motion because a temporary stay will conserve judicial resources and prevent the duplication of the parties' efforts.

## V.    **CONCLUSION**

For all of these reasons set forth above, this Adversary Proceeding should be stayed pending disposition of the Section 157(d) Motion by the District Court.

WHEREFORE, for the reasons set forth above, the Anderson Defendants request that this Court exercise its discretion under Bankruptcy Rule 5011(c) and enter an order staying further

19

proceedings by the Bankruptcy Court in the Adversary Proceeding until this Court rules on the

Section 157(d) Motion and grant such other and further relief as is just and proper.

Respectfully submitted this 4th day of April, 2012.

| KLEHR HARRISON HARVEY BRANZBURG LLP<br><br>Domenic E. Pacitti (DE Bar No. 3989)<br>919 Market Street, Suite 1000<br>Wilmington, DE 19801<br>Telephone: (302) 426-1189<br>Facsimile: (302) 426-9193<br>dpacitti@klehr.com<br><br>Morton R. Branzburg<br>1835 Market Street, Suite 1400<br>Philadelphia, PA 19103<br>Telephone: (215) 568-6060<br>Facsimile: (215) 568-6603<br>mbranzburg@klehr.com<br><br><br>    and | ALSTON & BIRD LLP<br>Grant T. Stein<br>David A. Wender<br>1201 West Peachtree Street<br>Atlanta, Georgia, 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777 |
| --- | --- |

*Counsel to the Anderson Defendants*

20